IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| E. & J. Gallo Winery<br><br>  Plaintiff,<br><br>    vs.<br><br>Trigo Corporation<br><br>  Defendant | CIVIL NO.<br><br><br>Trade Dress Infringement and<br>Unfair Competition |

**COMPLAINT**

TO THE HONORABLE COURT:

NOW COMES plaintiff E. & J. Gallo Winery (Gallo) through the undersigned attorneys, and respectfully STATES, ALLEGES and PRAYS the following:

**NATURE OF THE ACTION**

1. This is a civil action arising under the laws of the United States, specifically under 15 U.S.C. § 1125 (a) (§ 43 (a) of the Lanham Act) for trade dress infringement and unfair competition, against defendant Trigo Corporation (Trigo) resulting from Trigo's recent adoption and use of a trade dress, to market and sell wine, which mimics the trade dress Gallo has used and uses to sell Gallo's very well known FRUTÉZIA® brand of wine.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1338 (actions asserting a claim of unfair competition), and 28 U.S.C. § 1367 under principles of pendent

1

jurisdiction.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b).

## PARTIES

4. Gallo is a corporation organized and existing under the laws of California, United States, having a principal place of business at 600 Yosemite Boulevard, Modesto, California, United States, 95354.

5. Trigo is a corporation organized and existing under the laws of Puerto Rico, having a principal place of business at State Road 854, Km 3.5, Toa Baja, Puerto Rico.

## FACTUAL BACKGROUND

6. For more than 75 years Gallo has been in the business of making, marketing and selling wines.

7. On or about 2004, Gallo launched a line of wines with blends of fruit flavors that Gallo markets and sells under its very popular federally registered FRUTÉZIA® brand (FRUTÉZIA®).

8. Since the beginning Gallo adopted, and has used, an inherently distinctive non-functional trade dress consisting of a combination of images of assorted fruits, creatively displayed over a clear label affixed to the bottle. Gallo's federally registered marks FRUTÉZIA® and WILD VINES®, in stylized typefaces, appear prominently atop the label. (Hereinafter the FRUTÉZIA® Clear Label Trade Dress).

9. The following figure illustrates the clear label trade dress Gallo adopted and uses to sell two of its very popular FRUTÉZIA® wine blends, i.e., i) FRUTÉZIA® blush wine with blends of strawberry and kiwi flavors, and ii) FRUTÉZIA® red grape wine with

blackberry flavors:

 

10. GALLO has invested many millions of dollars to promote, market and advertise FRUTÉZIA® in the very distinctive FRUTÉZIA® Clear Label Trade Dress.

11. From 2007 through 2010 Gallo estimates to have spent in excess of $2,500,000.00 to advertise FRUTÉZIA® in Puerto Rico.

12. Estimated sales of FRUTÉZIA® in Puerto Rico, for the same period, are over $6,400,000.00.

13. The number of cases of FRUTÉZIA® sold in Puerto Rico from 2007 through 2010 is as follows: i) 2007 – 48,765; ii) 2008 – 56,510; iii) 2009 – 84,914 and iv) 2010 – 79,752. In sum, a total of 269,941 cases of FRUTÉZIA® for the period.

14. FRUTÉZIA® is the best selling wine in its category and one of the top brands overall in Puerto Rico.

15. In fact, FRUTÉZIA® is Gallo's top selling wine in Puerto Rico representing 10% of total wines annually sold in Puerto Rico.

16. On or about 2010, Gallo introduced and began using in commerce,

including Puerto Rico, the following additional non-functional trade dress for FRUTÉZIA® (THE FRUTÉZIA® Paper Label Trade Dress):

 

17.     The FRUTÉZIA® Paper Label Trade Dress is a reorganized version of the FRUTÉZIA® Clear Label Trade Dress, which retains the same creative imagery and design, and overall commercial impression.

18.     As of the date hereof Gallo uses in the United States, including Puerto Rico, both trade dresses to market and sell FRUTÉZIA®.

19.     Both trade dresses have become emblematic of FRUTÉZIA® and, as a result, have developed immense recognition and enormous goodwill. Members of the public and the trade have come to recognize the two as indications of source.

20.     Therefore, the FRUTÉZIA® Clear label Trade Dress and the FRUTÉZIA® Paper Label Trade Dress are a means by which Gallo is known to the public and the trade as the sole source of origin of FRUTÉZIA®.

4

**DEFENDANT'S ACTS OF INFRINGEMENT**

21.     On or about October 2010, Trigo adopted and began using in commerce a trade dress that is confusingly similar to both FRUTÉZIA® trade dresses to sell a wine with fruit flavors (TRIGO'S INFRINGING TRADE DRESS).

22.     The following figure illustrates TRIGO'S INFRINGING TRADE DRESS:

 

23.     TRIGO'S INFRINGING TRADE DRESS draws from the overall commercial impression of the FRUTÉZIA® trade dresses.

24.     The striking similarity is obvious and plainly calculated to ride on the fame, recognition and visibility of FRUTÉZIA®, which Gallo developed at great expense and effort.

25.     The following presentation demonstrates the confusing similarity of TRIGO'S INFRINGING TRADE DRESS with the FRUTÉZIA® Clear Label Trade Dress:

   

26.     Likewise, TRIGO'S INFRINGING TRADE DRESS bears a striking resemblance with the FRUTÉZIA® Paper Label Trade Dress as the following side by side comparison demonstrates.

   

27.     In short, TRIGO'S INFRINGING TRADE DRESS is confusingly similar to the FRUTÉZIA® Clear label Trade Dress as well as to the FRUTÉZIA® Paper Label Trade Dress, and as a result members of the public and the trade are likely to be confused and/or deceived as to the origin, source, affiliation, association and sponsorship of Trigo's wine.

28.     Trigo's act of infringement are willful and with full knowledge since Trigo has been active in the wine and liquor business in Puerto Rico for a long time and is very much aware of the fame, popularity and visibility of FRUTÉZIA®.

29.     In fact, were it not, for the popularity, reputation and recognition of FRUTÉZIA®, Trigo would not have adopted TRIGO'S INFRINGING TRADE DRESS.

30.     Moreover, on November 15, 2010 Gallo put Trigo on notice of Trigo's acts of infringement and demanded Trigo to immediately discontinue use of TRIGO'S INFRINGING TRADE DRESS.

31.     But, Trigo refused to stop the infringement arguing incorrectly that when Gallo introduced the FRUTEZIA® Paper Label Trade Dress, Gallo abandoned all rights to the FRUTEZIA® Clear Label Trade Dress, and that as a result Trigo is free to adopt and use TRIGO'S INFRINGING TRADE DRESS.

32.     Trigo's contention is untenable since Gallo has not abandoned the FRUTEZIA® Clear Label Trade Dress, as it uses it in commerce, and TRIGO'S INFRINGING TRADE DRESS is deceitful and confusingly similar to the FRUTEZIA® Paper Label Trade Dress.

33.     Hence, Trigo's acts of infringement are plainly willful.

## COUNT I
## Trade dress infringement
## and unfair competition
## 15 U.S.C. § 1125 (a)

34. Gallo repeats and incorporates by reference each of the foregoing allegations.

35. Trigo is using a trade dress to sell wine that bears a striking similarity and is therefore confusingly similar to the trade dresses Gallo has used and uses to sell FRUTÉZIA®.

36. Trigo's adoption and use of TRIGO'S INFRINGING TRADE DRESS is likely to cause confusion, to cause mistake or to deceive consumers and the trade as to the origin, sponsorship or approval of Trigo's wine.

37. As a result of Trigo's adoption and use of TRIGO'S INFRINGING TRADE DRESS, the public is likely to believe that Trigo's wine has been elaborated and/or approved by Gallo. Moreover, such use creates the false impression that Trigo is legitimately affiliated, connected or associated with and/or authorized by Gallo and places, beyond Gallo's control, its own reputation and use of the trade dresses associated with Gallo.

38. Trigo's adoption and use of TRIGO'S INFRINGING TRADE DRESS constitutes trade dress infringement as well as, unfair competition and a deliberate and willful violation of section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).

39. The actions and conduct of Trigo complained of herein have damaged Gallo and will, unless restrained, further impair, if not destroy, the value of the FRUTÉZIA® Clear Label Trade Dress and of FRUTÉZIA® Paper Label Trade Dress and the goodwill associated therewith.

40. Trigo's wrongful adoption and use OF TRIGO'S INFRINGING TRADE DRESS has caused Gallo to sustain monetary damages, loss and injury in an amount thus far not determined but believed to be in excess of $25,000.00.

41. Trigo's acts of infringement, unless enjoined by this Court, will continue to cause Gallo irreparable damage, loss and injury for which Gallo has no other remedy at law.

## COUNT II
### Trade dress infringement and unfair competition under the law of Puerto Rico Article 27 of Act number 169, of December 16, 2009 and 10 L.P.R.A. §257 *et seq.*

42. Gallo repeats and incorporates by reference each of the foregoing allegations.

43. Trigo has reproduced, copied and imitated the FRUTÉZIA® Clear Label Trade Dress as well as, the FRUTÉZIA® Paper Label Trade Dress in a manner that is likely to cause confusion to the public and to members of the trade as to the source, association, affiliation, origin and sponsorship of Trigo's wine.

44. Trigo's adoption and use of TRIGO'S INFRINGING TRADE DRESS constitutes trade dress infringement under article 27 of the Trademark Act of the Government Puerto Rico, Act number 169, of December 16, 2009.

45. In addition, Trigo's acts of infringement constitute unfair competition under common law and under Puerto Rico's Unfair Trade Practice Act, 10 L.P.R.A. §257, *et. seq.*, and regulation number 2648, of the Department of Justice, which forbids unfair trade practices.

**WHEREFORE** Gallo demands:

i.  That defendant Trigo Corporation, its officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained from:

   a. Using in any manner TRIGO'S INFRINGING TRADE DRESS, alone or in combination with any other words or designs;

   b. Adopting any other trade dress that is likely to cause confusion, deception, or mistake on or in connection with advertising, offering for sale, or sale of wine and any other beverages having any alcohol content;

   c. Representing, suggesting in any fashion to any third party, or performing any act, that may give rise to the belief that Trigo or any of Trigo's goods are authorized or sponsored by Gallo;

   d. Passing off, inducing or enabling others to sell or pass off any goods as products produced by Gallo that are not in fact genuine Gallo products or not produced under the control or supervision of Gallo and approved by Gallo; and

   e. Otherwise competing unfairly with Gallo in any manner.

ii.  That Trigo be required to deliver up to Gallo for destruction any and all goods in Trigo's possession or under Trigo's control that were or are being advertised, promoted, offered for sale or sold bearing TRIGO'S INFRINGING TRADE DRESS.

iii.  That Trigo be required to deliver up to Gallo for destruction any and all advertising material, point of sale material, circulars, brochures, catalogues, or any other

printed material in Trigo's possession or under Trigo's control displaying or promoting goods bearing TRIGO'S INFRINGING TRADE DRESS.

 iv. That Trigo be ordered pursuant to 15 U.S.C. § 1116 (a) to file, with the Court and serve upon Gallo within 30 days of the entry of the injunction prayed for herein a written report under oath or affirmed under penalty of perjury, setting forth in detail the form and manner in which it has complied with the permanent injunction.

 v. That Trigo be required pursuant to 15 U.S.C. § 1117 to account to Gallo for any and all profits derived by it and for all damages sustained by Gallo by reason of Trigo's acts of infringement complained of herein including an award of treble damages as provided for in the law.

 vi. That Gallo be awarded both prejudgment and post-judgment interests on each and every damage award.

 vii. That pursuant to 15 U.S.C. § 1117, Gallo have and recover from Trigo, Gallo's reasonable attorneys' fees, costs and disbursements of this action.

 viii. That Gallo has such other and further relief as the Court deem just and proper.

[Signature block in next page]

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, this 7th day of March, 2011.

**REICHARD & CALAF, PSC**
361 San Francisco Street, 4th Floor
San Juan, Puerto Rico 00902-2946
PO Box 9022946
San Juan, PR 00902-2946
Tel. (787) 725-1004
Fax (787) 721-0899

S/FEDERICO CALAF LEGRAND
Federico Calaf Legrand
(USDC PR 118907)
E-mail calaf@rcpsc.com


S/CARLA CALAF GARCÍA
Carla Calaf García
(USDC PR 224810)
e-mail: ccalaf@rcpsc.com